# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

GEORGIA-PACIFIC, LLC, etc.
et al.,

      Plaintiffs,

v.                                      CASE NO. 4:17cv255-RH/CAS

SMITH INDUSTRIAL SERVICE, INC., etc.,
et al.,

      Defendants.

_____/

## ORDER DENYING THE MOTION TO STRIKE

The plaintiffs moved for partial summary judgment, relying in part on a written agreement. The record did not include evidence authenticating the agreement. The defendant Smith Industrial Services, Inc. asserted in response that the agreement could not be considered on summary judgment because it had not been authenticated. For this Smith relied on Florida law.

The plaintiffs responded with a declaration authenticating the agreement. Smith has moved to strike the declaration, again citing Florida law. But summary-judgment procedure in federal court is governed by Federal Rule of Civil

Procedure 56, not by state law. Under Rule 56, a party must cite record materials supporting its position, and an opposing party "may object that the material cited . . . cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). As the plaintiffs' declaration makes clear, they will be able to present the declarant's testimony and the agreement in a form that will be admissible in evidence. The motion to strike is unfounded.

It bears noting, too, that this ruling will make no difference. If the declaration and agreement were struck, the plaintiffs could submit them again in support of a new summary-judgment motion. Sooner or later, the issues are going to be resolved on the merits. No purpose would be served by making it later.

For these reasons,

IT IS ORDERED:

The motion to strike, ECF No. 51, is denied.

SO ORDERED on February 15, 2019.

                                      s/Robert L. Hinkle
                                      United States District Judge